## Stegner et al. v. Coomer et al.

Nov. 16, 1943.

A. M. Marret and Hagan & Hagan for appellants.

L. F. Speckman for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment dismissing plaintiffs' petition as amended after a demurrer thereto had been sustained. The following facts appear in the petition:

Appellants, Florence Stegner and William Stegner, own jointly a lot fronting 38 feet on Varble avenue between 46th and 47th streets in Louisville and extending back to an alley. The appellees, Thelma D. Coomer and Nettie Deuchars, own jointly a lot immediately west of appellants' lot and fronting 38 feet on Varble avenue and extending back to an alley. The two lots are part of a tract of land acquired by Theresa Moellman in 1922, which fronted 114 feet on Varble avenue between 46th and 47th streets. Theresa Moellman subdivided the land into building lots. Varble avenue runs parallel with and is one square south of Broadway, one of the main thoroughfares in Louisville. At the time the land was subdivided the city had not constructed a public sewer in Varble avenue and the nearest public sewer ran along Broadway. A private sewer, beginning on the lot now owned by appellants, was constructed across the three lots in the subdivision. It ran in the rear of the houses on the lots, across the lot now owned by appellees and the lot adjoining it on the west, then north across Varble avenue and across other lots on the north side of Varble avenue to an alley and along the alley to 47th street and then to Broadway where it connected with the public sewer which empties into the Ohio river. In 1930 the city of Louisville constructed a public sewer in the public alley in the rear of and abutting the lots owned by appellants and appellees. An ordinance of the city of Louisville, known as Ordinance No. 367, provides that all owners of occupied houses in the city situated upon

lots abutting upon a street or alley in which there is a public sewer shall connect all drain pipes of such houses with said sewer. In 1942 the appellees connected the drain pipe of their house with the public sewer in the alley which their lot abuts. Thereafter appellants instituted this action. They alleged that "on or about August 22, 1942, the defendant Nettie Deuchars, who was then the owner of the said property now owned by the defendants Deuchars and Coomer, connected the sewer pipes on her said property with said sewer in said alley; the connection to the property line having been made in February, 1930; * * * that about three weeks ago, the defendants excavated the yard of their property in and about said sewer leading from the property of these plaintiffs across the property of the defendants, and as a result thereof, these plaintiffs have not had any use of said sewer constructed on their property as aforesaid * * * and they say that said acts performed by the defendants * * * stopped up and cut off the normal use of said sewer * * *." They further alleged that there is no ordinance of the city of Louisville requiring property owners whose lots abut on streets or alleys having public sewers to connect the sewer pipes of their homes to such public sewers, but Ordinance No. 367 requires drains only to be connected with public sewers. They prayed for a mandatory injunction requiring the defendants to restore the private sewer running through their lot to its former condition.

We think the court ruled correctly on the demurrer. It was the duty of appellants to connect the drain pipes of their home with the public sewer in the alley. If they had performed that duty they would have suffered no damage when the private sewer was obstructed. Until the public sewer was constructed in the alley abutting their property, their use of the private sewer was permissible and necessary and any wrongful interference with that use could have been enjoined. Ordinance No. 367 was passed pursuant to the city's duty to preserve and protect the health of its inhabitants. It is mandatory and contains no exceptions. Appellants attempt to distinguish between house drains and house sewers, and it is argued that the ordinance applies only to drains. The argument seems to rest on the definition of a house drain found in another ordinance as "that part of the lowest horizontal piping of a house drainage system which receives the discharge from soil,

waste, and other drainage pipes inside the walls of any building and conveys the same to the house sewer beginning two (2) feet outside of the building.'' Whether the pipe carrying drainage from the house to the public sewer in a street or alley adjoining the lot be called a drain or sewer is immaterial. The words are frequently used interchangeably. 17 Am. Jur., Drains and Sewers, section 2. It was the purpose of Ordinance 367 to require property owners to dispose of sewage through a public sewer where such a sewer had been constructed in a street on which their property abutted. If appellants' contention is sound, the ordinance is meaningless and cannot be enforced. When the public sewer was constructed in the alley on which appellants' land abutted, the duty of the abutting property owner to connect the house drains with the public sewer attached, and his right to the easement theretofore enjoyed by him ceased.

The judgment is affirmed.